PER CURIAM
Appellants Barbara Pierce, Richard Pritzlaff, and John Pritzlaff (collectively, "Appellants" or "Appellant Descendants") appeal judgment entered by the probate division of the Circuit Court, City of St. Louis, after disposing of their cross-claims and counterclaims to a petition for approval of a final trust fund accounting, filed by trustee Respondent Bank of America, N.A. ("Trustee"). The probate division entered judgment after granting motions filed by Respondent Ann Symington ("Symington" or "Respondent Descendant") for summary judgment and to dismiss with prejudice Appellants' counter- and cross-claims. Appellant Descendants sought, through these crossclaims and counterclaims, to litigate an alleged agreement between Symington, the Appellant Descendants, and their beneficiary mother, Mary Dell Olin-Pritzlaff ("Olin-Pritzlaff") to "equalize" the total inheritance from their grandfather, the settlor, Spencer T. Olin ("Olin").
Appellant Descendants raise six (6) points on appeal. Appellant Descendants argue the probate court erred in dismissing their breach of contract cross-claim for "lack of jurisdiction" as it had personal jurisdiction over Symington (Point I) and subject matter jurisdiction over the alleged contract (Point II). In Point III, Appellant Descendants argue the probate court erred in applying the Supreme Court of Missouri's interpretation of spendthrift trusts to dismiss their breach of contract cross-claim and declaratory judgment counter-claim because Section 456.5-506(2) RSMo[1] carves out an exception when a trustee has "unreasonably delayed" mandatory distribution of assets at trust termination. In Point IV, Appellant Descendants argue the probate court erred in granting summary judgment on its request for a declaratory judgment to interpret the plain language of the trust instrument to permit the spendthrift clause to override *242 discretionary provisions for equalization after trust termination.
Points V and VI raised equitable claims. In Point V, Appellant Descendants argue the probate court erred in dismissing their cross-claim to recover overpayments against Symington in limiting its analysis to the assets of the 1962 Trust rather than the total inheritance. In Point VI, Appellant Descendants argue the probate court erred in entering summary judgment on Appellants' unjust enrichment claim and request for a constructive trust where Symington received benefit conferred on her by Appellant Descendants in refraining from seeking equalizing distributions.
We have reviewed the briefs of the parties and the record on appeal and find that the probate court did not err. An extended opinion would have no precedential value. We have, however, provided a memorandum opinion only for use of the parties setting forth the reasons for the decision.
Finding no error, we affirm the judgment under to Rule 84.16(b).[2]

All references to Revised Statutes of Missouri 2016 unless otherwise noted.

All references are to Missouri Supreme Court Rules (2018) unless otherwise indicated.